## PROVIDENCE COUNTY.

---

### CHARLES H. SMITH *vs* HENRY A. GREENE *et als.*

A testator, after providing for the disposition of the income of his estate till the death of his wife, continued :

"From and after the decease of my said wife, my said executor or administrator shall pay over to my children, in equal shares, the whole of the income or interest of my said estate . . . . . during their joint lives ; and upon the decease of either, whether the same shall have occurred before or after the decease of my said wife, leaving children, then and in such case he or they shall convey to such my grandchildren the share or proportion in my real and personal property as my said child would have inherited had I died then intestate, and shall pay the income or interest, as above stated, of the remaining part of my estate to my remaining child or children ; and on the death of either, leaving children, then he or they shall convey to such my grandchildren the share or proportion of the remaining part of my said estate which my said children would have inherited had I deceased at the time of the decease of my wife intestate."

*Held,* that the words "had I died then intestate" are to be construed as relating to the date of the death of the testator's wife, and that the share in the estate directed to be conveyed to the children of any deceased child, is the share which the child, if living at the time, would have inherited if the testator had died intestate on the day of the death of his wife.

Where a particular construction of a will would result in intestacy as to portions of the estate, it is a strong argument against such construction.

It is doubtful if the court would change the construction of a will adopted by the trustee under the will in disposing of the trust estate, and acquiescence in it for many years by the parties in interest, even if such construction was not, in the opinion of the court, conformable to the testator's intention.

BILL IN EQUITY to construe a will.

*July* 17, 1896. MATTESON, C. J. This is a bill to obtain a construction of a clause in the will of Horace Learned, formerly of Providence, deceased, which clause is as follows :

" From and after the decease of my said wife, my said executor or administrator shall pay over to my children, in equal shares, the whole of the income or interest of my said estate, (deducting therefrom all necessary expenses attending the repairs, insurance and other expenses thereof,) during their joint lives ; and upon the decease of either, whether the same shall have occurred before or after the decease of my said wife, leaving children, then and in such case he or they shall convey to such my grandchildren the share or proportion in my real and personal property as my said child would have inherited had I died then intestate, and shall pay the income or interest, as above stated, of the remaining part of my estate to my remaining child or children ; and on the death of either, leaving children, then he or they shall convey to such my grandchildren the share or proportion of the remaining part of my said estate which my said children would have inherited had I deceased at the time of the decease of my wife intestate."

The ambiguity which it is claimed exists arises on the words "had I died then intestate." The complainant construes these as relating to the date of the decease of each child as the date when the division was to be made among the children of such child, and therefore contends that the conveyance to the children of such deceased child is of the share which the deceased child would have inherited if the testator had died intestate on the day of the death of such deceased child.

The objections to this construction are that it would result

in an unequal division of the testator's estate, and also in intestacy as to fractions of the estate. There is nothing in the will to indicate that the testator intended such unequal division; but, on the contrary, an intention to make an equal division is manifested by the direction to pay over the net income in equal shares to his children during their joint lives. Intestacy may occur by the happening of events not foreseen by the testator and therefore not provided for in the will, as in the present instance by the death of Mrs. Kibbie without children. But it is not to be presumed that a testator intends to leave portions of his estate not disposed of; and, therefore, that portions of the estate would not be disposed of if a particular construction were adopted, is a strong argument against such construction.

We think that the words in question are to be construed as relating to the date of the death of his wife, and that the share directed to be conveyed to the children of the deceased child is the share which the child, if living at that time, would have inherited if the testator had died intestate on the day of the death of his wife. The event which was uppermost in the mind of the testator when he framed the clause, evidently, was the decease of his wife. By the earlier clauses of his will he had provided for the disposition of the income of his estate till the happening of that event. With the event of his wife's death before him, he goes on to provide for the disposition of his estate thereafter. In the first place he provides for the payment of the net income to his children during their joint lives, in equal shares, and then directs that on the decease of either child, leaving children, whether the decease shall have occurred before or after the death of his wife, the share which such deceased child would have inherited, supposing the child to have been living at the decease of his wife, and himself to have died intestate on the same day, shall be conveyed to his grandchildren, the children of such deceased child. This seems to us the natural and reasonable construction to be given to the clause. It renders the clause consistent throughout, by fixing the same day, viz., the date of his wife's decease, as the time for the

division of his estate, and the shares which his children would have taken, if he had died intestate on that day, as the shares to be taken by his grandchildren, on the decease of their respective parents.

As no provision is contained in the will for the disposition of the share of a child dying without children, the share of Elizabeth K. Learned, a daughter of the testator, who married Orcino W. Kibbie, survived her husband and died childless and without issue, became on her decease intestate estate. Paragraphs 7 and 8 of the bill set forth that, on the death of Anna Learned Greene, the trustee, in 1882, conveyed to the complainant, as the grantee of George F. Learned, one-sixth of the estate, and to the children of said Anna also one-sixth of the estate, these two-sixths constituting the one-third which Elizabeth would have inherited if the testator had died intestate at the decease of his wife.

The construction which we have given to the clause was that adopted by the trustee in conveying the trust estate to the parties in interest, and is the one which has been acquiesced in by such parties since 1882. Even if we did not altogether approve of it, as in our opinion conformable to the testator's intention, we should hesitate to change it after the acquiescence in it of the parties interested for so long a period.

*Arnold Green*, for complainant.
*Oscar Lapham*, for respondents.